# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LORRAINE COLEMAN,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-12-S-2732-E** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Lorraine Coleman, commenced this action on August 17, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician, failed to recontact that physician for an additional assessment, and improperly accepted the assessment of the state agency medical examiner over that of the treating physician. Upon review of the record, the court concludes those contentions are not correct.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alteration supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e). Social Security regulations also provide that, in considering what weight to give *any* medical opinion

(regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Carla Thomas, claimant's treating family practice physician, completed a Physical Capacities Evaluation form on November 1, 2010. She indicated that claimant could lift and/or carry up to twenty pounds occasionally and up to ten pounds frequently. She could sit for a total of four hours and stand and walk, combined, for a total of two hours in an eight-work day. She could never reach overhead, but she could frequently perform fine manipulation. She could only occasionally perform pushing and pulling movements, climb stairs or ladders, balance, perform gross manipulation, bend, and stoop. She could operate motor vehicles, but she could not work around hazardous machinery or pulmonary irritants

like dust, allergens, and fumes.[1]  On a Clinical Assessment of Pain form, Dr. Thomas indicated that claimant experienced pain to such an extent as to be distracting to adequate performance of daily activities or work.  Physical activity — including prolonged sitting, walking, standing, bending, stooping, and moving of extremities — would greatly increase claimant's pain to such a degree as to cause distraction from or total abandonment of tasks.[2]  On a Clinical Assessment of Weakness form, Dr. Thomas indicated that fatigue and weakness were present, but would not prevent functioning in everyday activities or work.  Physical activity would cause some increase in claimant's fatigue and weakness, but not to such an extent as to prevent adequate functioning.  Claimant might experience some side effects from her prescribed medication, but the effects would not be present to such a degree as to cause serious problems in most instances.[3]

   Dr. Thomas's assessment, if fully credited, would have mandated a finding of disability, given that Dr. Thomas stated that claimant could only sit, stand, and walk for a combined total of up to six hours during an eight-hour workday.  However, the ALJ did not fully credit Dr. Thomas's assessment.  In fact, he assigned the assessment only little weight, stating, "This doctor provides no detailed explanation or objective

---

[1] Tr. 614.
[2] Tr. 615.
[3] Tr. 616-17.

support for her opinion.  The record does not document recurrent crises/ exacerbations of lupus or other ailments that would be consistent with the opinion."[4]

The court finds that the ALJ adequately articulated his reasons for rejecting Dr. Thomas's assessment, and the ALJ's conclusions were supported by substantial evidence.  It appears that claimant saw Dr. Thomas only twice:  once during a hospital stay at Northeast Alabama Regional Medical Center from July 5 to July 6, 2010, and once in Dr. Thomas's office on July 7, 2010.  In the hospital, claimant was seen for complaints of headache and right facial weakness, and it ultimately was determined that she was experiencing Bell's Palsy.  It was noted that claimant suffered from lupus, but the range of motion in all her extremities was good, and she experienced no tenderness or swelling.[5]  In a follow-up visit at Dr. Thomas's office the next day, it again was noted that claimant had a history of lupus and joint pain. Dr. Thomas assessed claimant with high blood pressure, Bell's Palsy, and arthritis.[6] The mere fact that Dr. Thomas's records note claimant's diagnosis of lupus does not mean that the ALJ was required to accept Dr. Thomas's disability assessment.  The mere existence of an impairment — even one like lupus that is capable of producing disabling limitations — is not enough to support a finding of disability. Instead, the

---

[4] Tr. 33.
[5] Tr. 549-50, 557-59.
[6] Tr. 611-12.

relevant consideration is the effect of claimant's impairment, or combination of impairments, on her ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). There is nothing in Dr. Thomas's notes to suggest that claimant's lupus actually caused disabling functional limitations. Similarly, other medical providers have noted claimant's lupus diagnosis, as well as other conditions including arthritis, obesity, and high blood pressure, but none of their records actually contain evidence of disabling functional limitations as a result of those conditions.[7]

Claimant also asserts that the ALJ erred by failing to recontact Dr. Thomas for clarification of her opinion. According to claimant, "[f]or the ALJ to dismiss [Dr. Thomas's] opinion because the ALJ believes it is inconsistent without first

---

[7] *See* Tr. 259, 274, 278, 280, 282, 284, 325, 392, 460.

recontacting the source is egregious error."[8] Claimant relies on Social Security Ruling 96-5p, which states, in pertinent part, that "[f]or treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and *the bases for such opinions are not clear to us*." SSR 96-5p (alteration and emphasis supplied). There is no indication that the ALJ found Dr. Thomas's assessment to be *unclear*; instead, he concluded that the assessment was not supported by the record. There was therefore no need for the ALJ to recontact Dr. Thomas for any further explanation. *See Shaw v. Astrue,* 392 F. App'x 684, 688-89 (11th Cir. 2010).

Finally, claimant asserts that the ALJ erred in giving more weight to the opinion of Dr. Delsadie Callins, the state agency reviewing physician, than he did to Dr. Thomas's assessment. Dr. Callins indicated on September 9, 2009, that claimant could occasionally lift up to 50 pounds, frequently lift up to 25 pounds, stand and/or walk for a total of 6 hours in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, and perform unlimited pushing and/or pulling movements. She could occasionally balance and could frequently climb, stoop, kneel, crouch, and crawl. Her ability to perform gross manipulation was limited to "frequently," but her abilities to reach, feel, and perform fine manipulation were unlimited. She should

---

[8] Doc. no. 8 (claimant's brief), at 9 (alterations supplied).

avoid even moderate exposure to hazards such as machinery and heights, and avoid concentrated exposure to extreme cold and wetness, but she could be exposed to unlimited heat, humidity, noise, vibration, and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation. Dr. Callins's notes reflect that she considered claimant's history of lupus in making her assessment.[9]

The ALJ assigned "substantial weight" to Dr. Callins's opinion, "as it is more consistent with the above noted evidence, particularly the objective findings . . . ."[10] Claimant asserts that was error, because Dr. Callins never treated or examined claimant and instead only reviewed the medical records that existed at the time of the assessment, which did *not* include Dr. Thomas's records. To the extent claimant argues that an ALJ can never accept the opinion of a non-examining state agency physician over that of a treating physician, she is incorrect. To the contrary, Social Security regulations provide that the opinions of state agency medical consultants are entitled to substantial consideration. *See* 20 C.F.R. §§ 404.1527(e)(2)(i) & 416.927(e)(2)(i) (stating that, while the ALJ is not bound by the findings of a State Agency medical consultant, the ALJ should consider such a consultant to be both "highly qualified" and an "expert" in Social Security disability evaluation). *See also*

---

[9] Tr. 366-73.
[10] Tr. 33.

*Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) ("The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the evidence."); *Surber v. Commissioner of Social Security Administration*, No. 3:11–cv–1235–J–MCR, 2013 WL 806325, *5 (M.D. Fla. March 5, 2013) (slip copy) ("State agency medical consultants are non-examining sources who are highly qualified physicians and experts in Social Security disability evaluation, and their opinions may be entitled to great weight if supported by evidence in the record."). The ALJ was entitled to rely upon Dr. Callins's opinion if he found it to be supported by the record, even if the opinion is contradictory to that of a treating physician. Substantial evidence supports the ALJ's decision to credit Dr. Callins's assessment.

In summary, the court finds that the ALJ properly considered all the medical evidence of record, including the opinion of claimant's treating physician. The decision of the Commissioner was in accordance with applicable law and supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 18th day of June, 2013.

_____
United States District Judge